## Greenlee Estate

Before Cox, Rahauser and Wolk, JJ.

*Clyde P. Bailey*, for exceptants.

*Joseph F. Weis*, contra.

RAHAUSER, J., February 27, 1958.—This case comes before the court en banc on exceptions to the distribution of the auditing judge, wherein the exceptions were filed as follows:

1. Exception is taken to the allowance of a fee of $300 to the guardian ad litem;

2. Exception is taken to that portion of the decree which awards to Marsha Lynne Diehl the pecuniary legacy; and

3. Exception is taken to that portion of the decree which disposes of the proceeds of the real estate to the residuary estate rather than to the persons named in paragraph 4 of the will.

The will of decedent provided as follows:

## Last Will and Testament

"I, Mrs. Emma Greenlee, 1737 Buena Vista St., of Pittsburgh, County of Allegheny and State of Pennsylvania being of sound mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, in manner and form following, hereby revoking any will or wills heretofore made by me.

"First. I direct that all my just debts and funeral expenses be fully paid and satisfied, as soon as conveniently may be, after my decease. Funeral expenses not to exceed six hundred dollars ($600.00), Funeral Director, Mr. Harvey Hoovler, Franklin, Pa.

"Second. I direct and will all furniture to Mrs. Twila Stinger with the exception of one marble top dresser to be given to Twila Irwin.

Third. I directed my diamond ear rings be given to Edie Hutchinson.

"Fourth. I direct and will One thousand dollars ($1,000.00) to Marsha Lynne Diehl, to be put in trust, capital and interest to be given to her on her 21st birthday, Oct. 18th, in the event of her demise before her 21st birthday, money shall revert back to the estate, and equally divided among the heirs.

Fifth. I direct that the house at 1737 Buena Vista St., Pittsburgh, Pa., be sold, and mortgage on 518 Taylor Ave., against Mary Juran, to the amount of $1,-500.00, and all monies in the North Ave. Building and Loan be equally divided between, Edie Hutchinson, Leach McCullough, Blanch Mook, Silas McCullough, Margaret McCracken, Twila Irwin and Twila Stinger.

"All the rest, residue and remainder of my estate, to go to my niece Twila Stinger.

"Anyone dissatisfied with this will, to be cut off with one dollar ($1.00).

"I do hereby make, constitute and appoint Leach McCullough to be my executor of this my Last Will and Testament.

"IN WITNESS WHEREOF, I, Emma Greenlee the Testatrix above named, have hereunto subscribed my name and affixed my seal, the 3 day of October in the year. of our Lord One Thousand Nine Hundred and Fifty-five.

EMMA M. GREENLEE .. .. (SEAL)

"Signed, sealed, published and declared by the above named Emma Greenlee as and for her Last Will and Testament in the presence of us, who have hereunto subscribed our names at her request as witnesses thereunto, in the presence of said testatrix, and of each other.

"EMMA M. GREENLEE,<br>MRS. PEARL SCHMIDT,<br>MINNIE LUTHER.      N. P."

The court appointed Marcella R. McNanamy as guardian ad litem for the minor, Marsha Lynne Diehl.

The guardian ad litem filed her report and the court ordered a fee of $300 paid for the services of the guardian.

The exception to this fee is dismissed. The report on its face shows that there was considerable work done in preparation and that the auditing judge did not abuse his discretion in settling the fee on the guardian's services.

The court is of the opinion that the other two exceptions must likewise be dismissed.

The will of decedent was drawn by a person not learned in the law and in reading the entire will it is obvious that decedent wanted to favor the minor. Decedent knew that any legacy she gave the minor had to be taken from the property that she mentioned in the fifth paragraph of her will. The stipulation filed by the parties clearly shows that testator had no other assets from which the legacy could have been paid.

The Supreme Court in McKeehan and Swiler v. Wilson, 53 Pa. 74, said:

"It sometimes happens . . . that through ignorance or the mistake of the testator or drawer of a will, words are omitted or inserted which have left unexpressed, or wrongly expressed, what clearly appears to have been the intention of the devisor from the whole tenor of the will. . . . The rule in such cases . . . will permit the will to be read as if the words omitted were inserted, and those wrongly inserted omitted."

The court is of the opinion that the fifth paragraph of the will makes no specific devise or bequest of the house at 1737 Buena Vista St., Pittsburgh, or its proceeds. In fact, said paragraph makes no disposition of the house or its proceeds, and said house or its proceeds passed under the next paragraph (unnumbered) of the will to the residuary devisee or legatee. Since a general bequest of cash has priority of distribution under section 751 of the Fiduciaries Act of April 18, 1949, P. L. 512, over property devised or bequeathed in a residuary clause, we are satisfied that the $1,000 bequest to the minor, Marsha Lynne Diehl, was properly decreed to her.

A decree will be drawn dismissing the exceptions filed.

*Decree*

Before Cox, Rahauser and Wolk, JJ.

PER CURIAM, February 27, 1958.— Now, to wit, February 27, 1958, the exceptions filed December 13, 1957, to the decree of the auditing judge are hereby dismissed.

Eo die, exceptions noted and bill sealed.